MR. JUSTICE SHEA,
dissenting:
I dissent and I would reverse the convictions.
Unlike the majority, I cannot overlook the defects in the Youth Court proceedings. The State did virtually nothing right and yet the majority has given its blessings to the conviction obtained by the initiation of patently, defective Youth Court proceedings. Nor can I overlook the failure of *416 the State to follow the law as a condition to filing the charges against defendant in District Court.
When the State first filed the petition in Youth Court, it failed to comply with sections 41-5-501(2)(c), MCA, 41-5-501(7), MCA, and 41-5-502(4), MCA. Section 41-5-501 (2) (c), MCA, requires that the petition state the facts constituting the offenses in ordinary, concise language so that a person of common understanding would know what was intended. The majority agrees this section was violated. Section 41-5-501(7), MCA, requires that when the petition is filed that it include a list of the witnesses to be called in proving the offense, and the majority agrees this section was violated. And finally, if a youth is to be placed in custody, section 41-5-502(4), MCA, requires that a sworn statement accompany the petition alleging that the “. . . youth needs to be placed in detention or shelter care . . .” The majority also agrees that this section was violated.
Despite these defects, the State had defendant illegally arrested in Oklahoma and transported in custody to Montana. Once he arrived, the errors continued. Section 41-5-516(1), MCA, requires that a hearing must be begun “within 15 days after all service is completed”. No exceptions are provided for if the youth is in custody, which is the situation here, the statute provides a mandatory remedy for failure to hold such a hearing. Subsection (1) also provides that if the hearing is not begun within the 15 day period “... the petition shall be dismissed with prejudice .. .” The hearing was not begun with 15 days and the petition should therefore have been dismissed with prejudice. This being so, the Youth Court had no jurisdiction to order defendant to be proceeded against as an adult.
Following are the procedural facts. The petition was filed on March 19, 1981, and sometime between this date and March 24, 1981, defendant was arrested in Oklahoma and taken to Montana. On March 24, 1981, defendant, in custody, appeared before the Youth Court without counsel. Also, on March 24,1981, the State filed a motion to transfer *417 the case to District Court. On March 25, defendant again appeared, in custody, without counsel. The Youth Court then appointed the public defender.
On March 26,1981, the defendant appeared with the public defender. The Youth Court set a hearing date for the motion to transfer — the date was set for April 28, 1981. From the time defendant first appeared in custody on March 24, 1981, until the date of the hearing, more than a month had gone by. The statute requires a dismissal if the hearing is not begun within 15 days of the date on which defendant is taken into custody.
On April 13, 1981, the State filed two documents with the Youth Court. The first was a warrant directed to the Oklahoma authorities for the arrest of defendant. It was dated March 19, 1981, and had obviously been served, for defendant had been arrested and returned to Montana on March 24. The second document was a summons issued to defendant’s mother, dated March 30,1981, with a return of service dated March 31, 1981. Service, under section 41-5-516(1), MCA, was therefore complete on March 31. Based on section 41-5-516(1), the Youth Court was required to set a hearing by at least April 15, 1981, and a failure to begin the hearing on that date required a dismissal of the charges. As of April 15, 1981, there was nothing to transfer to District Court because the hearing had not begun.
Nonetheless, on April 28, 1981, the Youth Court heard the State’s motion to transfer the case to District Court asking that defendant be treated as an adult for purposes of prosecution. On that date, co-counsel appeared on behalf of the defendant and the hearing was held. On May 26, 1981 the Youth Court ordered transfer of the case to the District Court. The Youth Court, however, had no authority to transfer the case to District Court. By failing to hold a hearing by April 15, 1981, the Youth Court had lost jurisdiction. Again, section 41-5-516(1), MCA, provides in part that the failure to begin the hearing after service is complete requires a dismissal with prejudice.
*418 Here the majority admits the State failed to provide a sworn petition or statement which is necessary as a condition to holding a person in custody (section 41-502(4), MCA), the majority admits the State failed to state the charges as required by section 45-5-501(2) (c), and the majority admits that the State failed to provide defendant with a list of witnesses as required by section 45-5-501(7). In addition, I believe the State was required by section 41-5-516(1) to begin the hearing by April 15, 1981 under pain of dismissal with prejudice. No such hearing was held. Based on these defects, I have no difficulty in determining that the Youth Court proceedings were so defective that the Youth Court had no jurisdiction to send the case to District Court — there was nothing to send.
I cannot agree with the majority that the 15-day hearing limitation does not apply if the State has made a motion to transfer the case to District Court to have the defendant prosecuted as an adult. Section 45-5-206, MCA, does permit the State to file a motion to transfer before a hearing, but I would hold nonetheless that the hearing, including a hearing on the State’s transfer motion, must be heard within the 15 day-period if the defendant is in custody. The majority holding defeats the purpose of the Youth Court statute which requires the hearing within 15 days. Its purpose is to provide a speedy hearing for anyone held in custody, even if that person is subject to being transferred to District Court to be prosecuted as an adult. The purpose is defeated when the hearing is not held within 15 days on the ground that the State pre-empted the speedy hearing requirement by the simple expedient of filing a transfer petition.
Nor can I agree with the majority that the Youth Court proceedings on the transfer motion can substitute for the requirements of Article II, § 20, which set forth the requirements for filing a criminal case in District Court. Article II, § 20, provides:
“. . . All criminal actions in District Court, except those on appeal, shall be prosecuted either by information, after ex- *419 animation and commitment by a magistrate or after leave granted by the court, or by indictment without such examination, commitment or leave.”
We start, of course, with the Constitution. It provides that all criminal actions in District Court must proceed by information or indictment. If by information, it must be after an examination and commitment by a magistrate or after the District Court has granted leave to file the information. The Constitution says nothing about a Youth Court having the powers of a magistrate. Nor does it say anything about a Youth Court wearing two hats simultaneously, that of Youth Court, and that of a committing magistrate.
I don’t believe the framers of our Constitution intended that Article II, § 20, be short-circuited in the manner done here. Here, there was no complaint filed in Justice Court followed by a preliminary hearing and an order binding over to District Court. And there was no application for leave to file an information followed by an order permitting the information to be filed. Nor, of course, was there a charge based on a grand jury indictment. Rather, the Youth Court found that defendant should be tried as an adult, and ordered that defendant be so tried. This order, under our Art. II, § 20, did not constitute leave to file an information. Nor did the Youth Court hearing double as a preliminary hearing before the magistrate.
Next comes the statutes. The State had two options: (1) to file charges in Justice Court followed by a preliminary examination and order binding defendant over to trial upon a finding of probable cause; or (2) to file in District Court an application for leave to file an information, the charges then not to be filed until the District Court granted leave. The State followed neither of these alternatives.
The applicable statutes are sections 46-11-101, 46-11-102, and 46-11-201, MCA. In seeking to comply with Article II, § 20, section 46-11-101 provides that an information can be filed either following a preliminary examination or after the District Court has granted leave of court. Section 46-11- *420 102 simply provides in part that all offenses triable in District Court must be by indictment or information. And section 46-11-201(1), sets forth the requirements for filing an information when the State seeks leave to file an information. Nowhere do these statutes, or any other statutes, provide that a Youth Court judge also wears the simultaneous double hat of a committing magistrate.
Based on the major defects in the Youth Court proceedings, and the failure of the State to abide by the Constitution (Art. II, § 20) in filing charges against defendant, I would reverse the convictions.